United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALPHONSO CARROLL,                           No. C 09-0352 WHA (PR)

                    Petitioner,              **ORDER TO SHOW CAUSE**

    v.

BEN CURRY, Warden,

                    Respondent.
_____/

     Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. 2241(d) (venue proper in both district of conviction and district of confinement).

STATEMENT

     In 1987 petitioner pled nolo contendere to a charge of second-degree murder. He received a sentence of sixteen years to life in prison. He alleges that he has exhausted these parole claims by way of state habeas petitions.

DISCUSSION

**A.**    **STANDARD OF REVIEW**

     This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

The petition is directed to a denial of parole on December 5, 2007. As grounds for federal habeas relief, petitioner asserts that (1) there was not "some evidence" that he would be a present danger to society if released; and (2) his due process rights were violated by denial of parole largely on the basis of the unchanging characteristics of his conviction offense, in light of extensive evidence of rehabilitation.

These claims are sufficient to require a response. *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging characteristics of offense might violate due process); *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002) (due process requires that at least "some evidence" support parole denial).

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

2 Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

3 trial record that have been transcribed previously and that are relevant to a determination of the

4 issues presented by the petition.

5 If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

6 court and serving it on respondent within thirty days of his receipt of the answer.

7 3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,

8 as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a

9 motion, petitioner shall file with the court and serve on respondent an opposition or statement of

10 non-opposition within thirty days of receipt of the motion, and respondent shall file with the

11 court and serve on petitioner a reply within 15 days of receipt of any opposition.

12 4. Petitioner is reminded that all communications with the court must be served on

13 respondent by mailing a copy of the document to respondent's counsel. Papers intended to be

14 filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also

15 must keep the court informed of any change of address by filing a separate paper with the clerk

16 headed "Notice of Change of Address," and comply with any orders of the court within the time

17 allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this

18 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez*

19 *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

20 **IT IS SO ORDERED.**

21 Dated: February ____24____, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\ORDERS\HC\OSC-parole.wpd

3