IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALPHONSO CARROLL,                                   No. C 09-0352 WHA (PR)

           Petitioner,                                **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

  vs.

BEN CURRY, Warden,

           Respondent.
                                          /

## INTRODUCTION

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities and exhibits. Although granted an opportunity to do so, petitioner did not file a traverse. For the reasons set forth below, the petition for a writ of habeas corpus is **DENIED**.

## STATEMENT

In 1987, petitioner was sentenced to a term of sixteen years to life in prison following his conviction for second-degree murder. This petition challenges the denial of parole in 2007 by the California Board of Parole Hearings ("Board"). Petitioner challenged the Board's decision in habeas petitions filed in all three levels of the California courts. The Los Angeles County Superior Court denied the petition in an explained opinion (Pet. Ex. C). The California Court of Appeal and the Supreme Court of California issued summary denials (*ibid.*).

**ANALYSIS**

**A.  STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court.  *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Ibid.*

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).  In this case, the last reasoned opinion is that of the Los Angeles County Superior Court denying petitioner's habeas petition (Pet. Ex. 2).

**B.     ISSUES PRESENTED**

As grounds for federal habeas relief, petitioner asserts that his right to due process was violated because there was not "some evidence" he would be a present danger to society if released, and the Board's decision was based largely upon the unchanging characteristics of his conviction offense.

The Due Process Clause does not, by itself, entitle prisoners to release on parole in the absence of some evidence of their current dangerousness. *Hayward v. Marshall*, 603 F.3d 546, 555, 561 (9th Cir. 2010) (en banc).  Under California law, however, "some evidence" of current dangerousness is required in order to deny parole.  *Id.* at 562 (citing *In re Lawrence*, 44 Cal.4th 1181, 1205-06 (2008) and *In re Shaputis*, 44 Cal.4th 1241 (2008)).  This requirement gives California prisoners a liberty interest protected by the federal constitutional guarantee of due process in release on parole in the absence of "some evidence" of their current dangerousness. *Cooke v. Solis*, No. 06-15444, slip op. 1, 15-16 (9th Cir. June 4, 2010) (citing *Hayward*, 603 F.3d at 561-64); *Pearson v. Muntz*, No. 08-55728, slip op. 7791, 7799-7800 (9th Cir. May 24, 2010) (citing *Hayward*, 603 F.3d at 561-64).

When a federal habeas court in this circuit is faced with a claim by a California prisoner

3

1  that their right to due process was violated because the denial of parole was not supported by
2  "some evidence," the court "need only decide whether the California judicial decision
3  approving" the denial of parole "was an 'unreasonable application'[] of the California 'some
4  evidence' requirement, or was 'based on an unreasonable determination of the facts in light of
5  the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. 2254(d)(1)-(2)); *Cooke*, slip
6  op. at 15.

California's "some evidence" requirement was summarized in *Hayward* as follows:

> As a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.' There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.' The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post- incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness. Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'

*Hayward*, 603 F.3d at 562 (quoting *Lawrence*, 44 Cal.4th. at 1191, 1210-14); *see also Cooke*, slip op. at 16-18 (describing California's "some evidence" requirement). Under California law, "the aggravated nature of the crime does not in and of itself provide some evidence of *current* dangerousness to the public unless the record also establishes something in the prisoner's pre- or postincarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative of the statutory determination of a continuing threat to public safety." *Lawrence*, 44 Cal.4th at 1214 (emphasis in original); *see Hayward*, 603 F.3d at 562 (same); *Cooke*, slip op. at 18 (same).

The commitment offense was certainly brutal. Petitioner hit his wife with an iron and then stabbed her to death; there is also evidence in the record that he then put her in a bathtub filled with white paint and set the house on fire (Pet. Ex. A at 15-17, 83). In addition to the commitment offense, petitioner had a considerable history of violence, including physical altercations with his wife "for years," as well as prior convictions for rape with a threat, assault with intent to commit murder, and battery (*id.* at 17-18, 29-30, 38-43). Petitioner had also

4

1  failed on parole on two previous occasions (*id.* at 42).  There was also evidence that petitioner
2  had a poor disciplinary record in prison, including nineteen "counseling chronos" and seven
3  serious rules violations – the most recent in 2003 for smoking (*id.* at 21-23, 53-54).  In addition,
4  the psychological evaluation found he presented a "low to moderate" risk of danger if released
5  when compared to other inmates (*id.* at 55-56).

6  Based on this evidence, the superior court could reasonably conclude that there was
7  "some evidence" of petitioner's current dangerousness notwithstanding petitioner's
8  participation in vocational and self-help programs in prison and the time that had passed since
9  he carried out the commitment offense.  There was evidence in petitioner's "pre-incarceration
10 behavior," specifically his extensive and violent criminal history prior to the commitment
11 offense, his "post-incarceration" record, specifically his considerable disciplinary record in
12 prison, and his mental state, specifically the psychologist's assessment that he could pose up to
13 a moderate risk of danger if released, that indicated  "that the implications regarding the
14 prisoner's dangerousness that derive from his [] commission of the commitment offense remain
15 probative of the statutory determination of a continuing threat to public safety."  *See Lawrence*,
16 44 Cal. 4th at 1214.

17 As the state court decisions upholding the denial of parole reasonably applied
18 California's "some evidence" requirement and reasonably determined the facts in light of the
19 evidence in the record, petitioner is not entitled to habeas relief on his due process claims.  *See*
20 *Hayward*, 603 F.3d at 563.

## CONCLUSION

22 The petition for a writ of habeas corpus is **DENIED**.

23 Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to
24 rule on whether a petitioner is entitled to a certificate of appealability in the same order in
25 which the petition is denied.  Petitioner has failed to make a substantial showing that his claims
26 amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would
27 //
28 //

1  find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

2  Consequently, no certificate of appealability is warranted in this case.

3  The clerk shall enter judgment and close the file.

4  **IT IS SO ORDERED.**

5  Dated: June   17  , 2010.

        /s/ William Alsup
        WILLIAM ALSUP
        UNITED STATES DISTRICT JUDGE

27  G:\PRO-SE\WHA\HC.09\CARROLL0352.RUL.wpd